UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON L. SHEPARD-BALLEN,<br><br>         *Plaintiff*,<br><br> -against-<br><br>RENSSELAER POLYTECHNIC INSTITUTE,<br><br>         *Defendant*. | Civil Action No. 1:14-cv-1525 (MAD/CFH)<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   Plaintiff Sharon L. Shepard-Ballen, through her undersigned attorney, for her complaint against Defendant Rensselaer Polytechnic Institute (RPI), alleges as follows upon knowledge as to herself and her acts and as to all other matters upon information and belief:

   1. Ms. Shepard-Ballen was employed at RPI for approximately six years as a Senior Advancement Officer.

   2. During the course of that six year period, Ms. Shepard-Ballen had a track record of successful performance, including successfully raising approximately $11 million for RPI during her tenure.

   3. On April 7, 2014, Ms. Shepard-Ballen announced to her supervisor that she would be retiring at the end of the year.

   4. Less than one month later, Ms. Shepard-Ballen was terminated as part of RPI cleaning house in its Major Gifts group to eliminate older Advancement Officers in favor of much younger employees.

   5. Ms. Shepard-Ballen's termination was improper (and came without warning) because it was based on her age—at the time of her termination, she was sixty-five years old.

6. Ms. Shepard-Ballen now seeks damages from RPI pursuant to the Age Discrimination in Employment Act of 1967.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331 & 1343 because the claims herein arise under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this District, and because the Defendant is a resident of this District.

## THE PARTIES

9. Plaintiff Sharon L. Shepard-Ballen is a former employee of Defendant RPI, and resides in Pittsfield, Massachusetts.

10. Defendant RPI is a university with its principal office at 110 Eighth Street, Troy, New York 12180.

## FACTUAL ALLEGATIONS

11. Ms. Shepard-Ballen is a Caucasian woman born in 1948.

12. In March 2008, Ms. Shepard-Ballen was hired by RPI as a Senior Advancement Officer in its Major Gifts group, which solicits large gifts for RPI from high net worth individuals and businesses. At the time she was hired, Ms. Shepard-Ballen was 59 years old.

13. For the next six-plus years, Ms. Shepard-Ballen worked for RPI in that capacity, generally meeting her performance targets and eventually raising $11 million for her employer.

14. On April 7, 2014, Ms. Shepard-Ballen, who was 65 years old at the time, announced her intention to retire at the end of the 2014 calendar year to Jeffrey Schanz, RPI's Assistant Vice President for Alumni Relations, who was her supervisor.

15. Less than a month later, on May 5, 2014, Schanz terminated Ms. Shepard-Ballen's employment.

16. At approximately the same time, RPI terminated an African-American man in his 50s who worked in her department. The two employees left in the department were both white males in their 40s—considerably younger than Ms. Shepard-Ballen and her colleague who was terminated.

17. These terminations were designed to eliminate the Major Gifts group's older employees at the end of the school year, in favor of the younger employees that remained and that, on information and belief, would be hired in their place.

18. In order to justify Ms. Shepard-Ballen's termination, Schanz concocted pretextual performance issues as the reason for her termination a mere seven months before she was scheduled to retire.

19. Notably, Ms. Shepard-Ballen was not given any opportunity to remedy these performance "issues."

20. And in her last annual performance review, which covered the period from April 1, 2012 through March 31, 2013, all of her ratings were either "Successful Performance" or "N/A." The review only noted three areas in which her performance had "Development Required,"—yet she was not afforded any opportunity to improve even these few areas.

21. In the year that followed, there were no metrics established for Ms. Shepard-Ballen to meet, and Schanz did not share any concerns about her performance with her. In fact, Schanz complimented her on her progress generally and her focus on the most highly-rated prospects.

22. Schanz also complimented Ms. Shepard-Ballen in follow-up meetings on the relationships that she had established with RPI alumni that led to 6- and 7-figure gifts.

23. Schanz also did not follow up with the 2013–2014 annual evaluation that was due in April 2014 after Ms. Shepard-Ballen was asked to do a self-evaluation. And Schanz never told Ms. Shepard-Ballen that her performance was lacking in the three areas in which her review stated she needed development. This lack of communication led to Ms. Shepard-Ballen's confidence that she was meeting her required performance although the metrics had not been written.

24. Because there was no formal evaluation in 2014, Ms. Shepard-Ballen was not afforded any formal opportunity to improve (or even address) the few areas mentioned in her 2013 evaluation, as her termination came without any warning after her retirement notice, and after a very successful trip to meet her highly rated prospects.

25. Thus the performance "issues" cited in her termination were actually pretext for RPI's decision to get rid of a 65-year-old employee seven months shy of her announced retirement at a time that apparently suited its own purposes for making its Major Gifts group more youthful.

26.     This pretext is demonstrated, for example, by the fact that the employees who remained in the Major Gifts group had raised considerably less in donations for RPI than had Ms. Shepard-Ballen.

27.     Ms. Shepard-Ballen's termination was nothing more than impermissible age discrimination.

## EXHAUSTION OF REMEDIES

28.     Because the discriminatory adverse employment action in this case was a termination of Ms. Shepard-Ballen's employment, she did not have an opportunity to avail herself of any employee grievance procedures within RPI.

29.     On June 26, 2014, after being terminated by RPI, Ms. Shepard-Ballen filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

30.     On September 18, 2014, the Equal Employment Opportunity Commission issued a right to sue letter to Ms. Shepard-Ballen.

## CLAIM FOR RELIEF

**Age Discrimination in Violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended**

31.     Ms. Shepard-Ballen repeats and re-alleges each and every allegation contained in Paragraphs 1 through 30 as if fully alleged herein.

32.     RPI terminated Ms. Shepard-Ballen after six years of employment because of her age (65 years old).

33.     This unlawful termination violated the Age Discrimination in Employment Act of 1967, as amended.

34. As a result of this violation, Ms. Shepard-Ballen suffered lost wages, lost pension benefits, damage to her professional reputation, mental anguish, emotional and physical distress, and other economic losses.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Shepard-Ballen demands judgment against Defendant as follows:

    A. Compensatory damages in an amount to be determined at trial, in no event less than $45,000;

    B. Punitive damages in an amount to be determined at trial, in no event less than $250,000;

C. For the costs and disbursements of this action;

D. For attorneys' fees, in such sums as may be determined by the Court; and

E. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:    Hudson, New York
           December 17, 2014

THE LAW OFFICES OF
    PHILIP A. WELLNER, PLLC

*[signature]*

_____
    Philip A. Wellner, Esq.
6 Warren Street
P.O. Box 457
Hudson, NY 12534
(518) 828-6302 (tel)
(518) 935-9723 (fax)
pwellner@wellner-law.com
*Attorney for Plaintiff*